UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-22016-CIV-BLOOM/OTAZO-REYES

JENNIFER GRAPPELL,

    Plaintiff,

v.

ALBERTO CARVALHO, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION RE: MOTIONS TO DISMISS

THIS CAUSE came before the Court upon the following Motions:

(1)    Defendants Governor Ron DeSantis ("Governor DeSantis") and Department of Education Commissioner Richard Corcoran's ("Commissioner Corcoran") Motion to Dismiss Complaint and Amended Complaint (hereafter, "Governor DeSantis and Commissioner Corcoran's Motion to Dismiss") [D.E. 12];

(2)    Defendant Senator Annette Taddeo's ("Senator Taddeo") Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (hereafter, "Senator Taddeo's Motion to Dismiss") [D.E. 40];[1]

(3)    Motion to Dismiss Complaint and Amended Complaint by Defendant Senator Rick Scott ("Senator Scott") (hereafter, "Senator Scott's Motion to Dismiss") [D.E. 41];[2]

(4)    Motion to Dismiss by Defendant United States Senator Marco Rubio ("Senator Rubio") (hereafter "Senator Rubio's Motion to Dismiss") [D.E. 61]; and

---

[1] Senator Taddeo has served in the Florida Senate since 2016. See https://flsenate.gov/senators/s40.
[2] Senator Scott served as Governor of Florida prior to being sworn in as a United States Senator in January 2019. See https://www.rickscott.senate.gov/biography.

(5) School Board Defendants Alberto M. Carvalho, Perla Tabares Hantman, Dr. Martin Karp, Dr. Dorothy Bendross-Mindingall, Susie V. Castillo, Dr. Lawrence S. Feldman, Dr. Steve Gallon III, Dr. Lubby Navarro, Dr. Marta Perez, Marie Tere Rojas, Walter J. Harvey, Luis M. Garcia, Jordan A. Madrigal, Edwin Lopez, Ian Moffett, Bart Christie, Dr. Karen Silva-Haj, Jennie Flores, and Matthew Sperling's (together, "School Board Defendants") Combined Motion to Dismiss Plaintiff's Amended Complaint with Prejudice (hereafter, "School Board Defendants' Motion to Dismiss") [D.E. 47]. The Motions to Dismiss from Governor DeSantis and Commissioner Corcoran, Senator Taddeo, Senator Scott, Senator Rubio, and School Board Defendants (collectively, "Defendants") were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 57, 64]. For the reasons stated below, the undersigned respectfully recommends that Defendants' Motions to Dismiss be GRANTED WITH PREJUDICE.

## PROCEDURAL BACKGROUND

### A. *Plaintiff's prior case*

On September 26, 2019, Plaintiff Jennifer Grappell ("Plaintiff" or "Grappell") filed a Complaint in Case No. 19-CV-23990-MGC (hereafter "Case 19-23990") naming as defendants: Alberto M. Carvalho, Superintendent of Miami-Dade County Public School Board; Perla Tabares Hantman, Chair of Miami-Dade County Public School Board; Dr. Martin Karp, Vice Chair of Miami-Dade County Public School Board; Dr. Dorothy Bendross-Mindingall, Member of Miami-Dade County Public School Board; Susie V. Castillo, Member of Miami-Dade County Public School Board; Dr. Lawrence S. Feldman, Member of Miami-Dade County Public School Board; Dr. Steve Gallon III, Member of Miami-Dade County Public School Board; Lubby Navarro, Member of Miami-Dade County Public School Board; Dr. Marta Perez, Member of Miami-Dade

2

County Public School Board; and Marie Tere Rojas, Member of Miami-Dade County Public School Board. See Complaint [Case 19-23990, D.E. 1 at 2-3]. Plaintiff listed the following statutes as providing the basis for federal question jurisdiction: 18 U.S.C. §§ 1510(a), 2071 and 241; and 42 U.S.C. § 1986. Id. at 4.

On July 24, 2020, United States District Judge Marcia G. Cooke ("Judge Cooke") entered an Order Granting Motion to Dismiss (hereafter, "Dismissal Order") [Case 19-23990, D.E. 36]. The factual allegations in the Complaint, as summarized by Judge Cooke, were as follows:

> Plaintiff alleges that on October 12, 2015, when her minor son, K.G., was seven years old, two female classmates sexually violated him during a Physical Education class at their school, Leewood K-8 Center. At some time after this incident, the Physical Education teacher "scolded" K.G. and told him to let his mother know he is going to receive a "B" in the course for "for not following [his] directions." Five days later, Plaintiff sent a letter to Superintendent Carvalho and others "asserting K.G.'s civil rights." Plaintiff alleges this caused the teacher to "retaliate against" her by lowering K.G.'s grade from an "A" to a "C."
>
> From there, the Complaint delves into allegations of various crimes committed by several individuals, including non-defendants. Plaintiff references, without detail, reports she filed with the Miami-Dade County Public Schools Police Department and various letters she sent to public figures, including President Donald Trump. While the Complaint is at times hard to follow, and many of the allegations are untethered to any cause of action, it appears Plaintiff is alleging that she and K.G. informed the Defendants of the alleged sexual violation against K.G. through various modes of communication, and they failed to act, which she alleges "makes every single board member an accessory after the fact." She also alleges that she and K.G. suffered discrimination, retaliation, and harassment from Leewood K-8 Center employees and the Defendants.

Id. at 1-2 (citations omitted).

In her Dismissal Order, Judge Cooke initially found Plaintiff's Complaint to be an impermissible shotgun pleading, which failed to meet the requirements of Fed. R. Civ. P. 8(a) and 10(b), "even under the relaxed pleading standard afforded to *pro se* litigants." Id. at 3-4. Judge Cooke further found that Plaintiff's Complaint failed to state a claim upon which relief can be granted as to 18 U.S.C. §§ 1510(a), 2071 and 241 because "[n]one of the statutes under Title 18

3

cited provide any private cause of action or entitle Plaintiff to the relief requested because they are criminal in nature." Id. at 4.[3] Judge Cooke further found that Plaintiff's attempt to bring a claim under 42 U.S.C. § 1986 also failed because such a claim would be derivative of a claim pursuant to 42 U.S.C. § 1985, which was not brought and which, in any event, would be barred by the intracorporate conspiracy doctrine because all of the named Defendants are members of the Miami-Dade School Board. Id. at 5-6. Finally, Judge Cooke declined to grant Plaintiff leave to amend, finding that any such amendment would be futile and that, even if Plaintiff complied with the pleading requirements of Fed. R. Civ. P. 8(a) and 10(b), she "would not be able to show she is entitled to the relief she seeks." Id. at 6-7. Thus, the Complaint was dismissed without leave to amend and with prejudice. Id. at 7.

On appeal, the Eleventh Circuit affirmed in part and vacated and remanded in part. See Grappell v. Carvalho, 847 F. App'x 698, 703 (11th Cir. 2021). With regard to Grappell's son, "K.G.", the Eleventh Circuit stated that:

> Grappell, a non-attorney proceeding *pro se*, purported to bring claims on behalf of herself and her minor son. While individuals in federal court generally may "may plead and conduct *their own cases* personally," 28 U.S.C. § 1654 (emphasis added), the right to appear *pro se* does not extend to non-attorney parties representing the interests of others. In particular, we have held that "parents who are not attorneys may not bring a *pro se* action on their child's behalf." *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) (explaining that while Rule 17(c), Fed. R. Civ. P., permits a parent to sue on behalf of a minor child, it does not permit a non-attorney parent to act as legal counsel for the child in such an action), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535, 127 S.Ct. 1994, 167 L.Ed.2d 904 (2007). This rule "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Devine*, 121 F.3d at 581. Accordingly, to the extent Grappell, a non-attorney, sought to represent the legal interests of her son, the district court should have dismissed those claims without prejudice.

---

[3] Judge Cooke included in her discussion two more criminal statutes, 18 U.S.C. §§ 1621 and 1708, which were mentioned in the Statement of Claim section of the Complaint as having been violated by individuals not named as defendants and an unidentified person, respectively. Id.

4

Id. at 701.

With regard to Grappell's own claims, the Eleventh Circuit found that "the district court properly dismissed Grappell's complaint" because she "ha[d] not stated a plausible claim to relief." Id. at 701. As to Grappell's reliance on 18 U.S.C. §§ 241, 1510, 1621, 1708 and 2071, the Eleventh Circuit confirmed that "these sections of Title 18 pertain to criminal law and do not provide a civil cause of action or any civil remedies." Id. As to any potential claims under 42 U.S.C. §§ 1985 & 1986, the Eleventh Circuit stated:

> Nothing in the complaint suggests that the defendants' allegedly wrongful conduct against Grappell was motivated by racial or class-based animus, which is required for claims under § 1985(2) and (3). Nor do her allegations indicate, beyond vague and conclusory accusations, the existence of any joint agreement between the defendants. Accordingly, Grappell's allegations fail to show the existence of any conspiracy under § 1985. And without a § 1985 conspiracy, she likewise cannot establish a claim under § 1986. We also note that Grappell does not appear to seek any cognizable relief, such as monetary damages, for her own claims.

Id. at 702 (citations omitted).

The Eleventh Circuit concluded its opinion as follows:

> While [Grappell] suggests on appeal that she could state claims under Title VII and Title IX, there is no indication she could bring a claim under these statutes because she was not a prospective or current student or employee of any entity connected with the defendants. And again, she cannot represent the legal interests of her son or enforce his rights while proceeding as a *pro se* party. See Devine, 121 F.3d at 581.
>
> In sum, we affirm the dismissal with prejudice of Grappell's complaint to the extent she seeks relief on her own behalf. We vacate the dismissal of the complaint to the extent Grappell sought to represent her son's legal interests, and we remand for the district court to dismiss those claims without prejudice.

Id. at 703. The Mandate was issued on May 18, 2021 [Case 19-23990, D.E. 42].

On June 4, 2021, Judge Cooke entered an Order on Remand vacating in part her Dismissal Order "only to the extent it dismissed Plaintiff's claims brought on behalf of her son" and

dismissing any such claims "without prejudice." See Order on Remand [Case 19-23990, D.E. 43 at 1].

### B. Plaintiff's current case

Grappell commenced the above-styled case on June 1, 2021. See Complaint [D.E. 1]. Her Amended Complaint, brought against the above-listed Defendants, cites as a basis for federal question jurisdiction 18 U.S.C. §§ 1510, 1621 and 2071 and Title IX of the Education Amendments of 1972 (hereafter, "Title IX"). See Am. Compl. [D.E. 9 at 3, 6]. Title IX provides, in pertinent part, that:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

See 20 U.S.C. § 1681(a). In Davis v. Monroe Cty. Bd. of Educ., 526 U.S. 629 (1999), the United States Supreme Court ruled that "a private damages action may lie against [a] school board in cases of student-on-student harassment . . . but only where the funding recipient acts with deliberate indifference to known acts of harassment in its programs or activities" and "such an action will lie only for harassment that is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." Id. at 633.

In the Statement of Claim portion of her Amended Complaint, Grappell presents a lengthy narrative of events, consisting of forty paragraphs and spanning the period from October 12, 2015 to April 21, 2021. See Am. Compl. [D.E. 9 at 11-27]. Grappell alleges as follows:

**In Paragraph 1**, Grappell alleges that, on October 12, 2015, her son K.G. was sexually violated by two female students in his P.E. class at Leewood K-8 Center; and purports to assert a sex discrimination claim on behalf of K.G. pursuant to Title IX. Id. at 11.

**In Paragraph 2**, Grappell alleges that, on January 8, 2016, School Board Defendants Bart Christie and Dr. Karen Silva-Haj "grossly violated K.G.'s civil rights" and refers to a document dated January 11, 2016. Grappell further alleges that all five police reports she purportedly filed with the Miami-Dade County Public Schools Police Department "contain numerous inaccuracies" and

6

that the Police Department's purported failure to report all crimes to the Florida Department of Law Enforcement is a violation of 18 U.S.C. § 1510.  Id.

**In Paragraph 3**, Grappell alleges that, on January 29, 2016, School Board Defendant Jennie Flores "DEPRIVED K.G. OF MEDICAL CARE", which she characterizes as a "gross neglect of duty".  Id. at 12.

**In Paragraph 4**, Grappell references a meeting attended by her, K.G. and School Board Defendants Bart Christie and Jennie Flores, during which Jennie Flores allegedly stated that K.G. did not fit in at Leewood K-8, which statement Grappell characterizes as "THE EPITOME OF DISCRIMINATION".  Id.

**In Paragraph 5**, Grappell alleges that, on March 18, 2016, School Board Defendants Bart Christie and Dr. Karen Silva-Haj "chose to violate K.G. & [Grappell's] own rights" by making a false report to Florida's Department of Children and Families, thereby violating 18 U.S.C. § 1621.  Id.

**In Paragraph 6**, Grappell alleges that, also on March 18, 2016, she "received notice of being banned from entering K.G.'s school" which she characterizes as "DISCRIMINATION & RETALIATION".  Id. at 13.

**In Paragraph 7**, Grappell alleges that, on March 21, 2016, Non-party Denise Hannah conducted an in-home interview of K.G. but did not report K.G.'s alleged sexual violation and Dr. Karen Silva-Haj's purported knowledge of it, thereby violating 18 U.S.C. § 2071.  Id. at 14.

**In Paragraph 8**, Grappell references: an April 22, 2016 interaction with the office of School Board Defendant Alberto M. Carvalho; a May 10, 2016 letter from School Board Defendant Lubby Navarro's chief of staff stating that, on advice of counsel, it would not be appropriate to meet with Grappell, which she characterizes as "THE EPITOME OF DISCRIMINATION"; and a May 10, 2016 document from School Board Defendant Ian Moffett.  Id.

**In Paragraph 9**, Grappell alleges that the October 27, 2016 posting of a picture of her at the entrance of a county building as being banned from the building was harassment and defamation of character under Fla. Stat. § 784.048, a state criminal anti-stalking statute.  Id. at 15.

**In Paragraph 10**, Grappell references a December 9, 2016 letter from Senator Scott's office encouraging her to keep working with the Public Corruption Unit and characterizes her unsuccessful attempts to communicate with that unit as "extreme discrimination".  Id. at 16.

**In Paragraph 11**, Grappell alleges that, on February 22, 2017 she sent a document to Senator Scott and various Non-parties, requesting a meeting with Senator Scott to complain about Ian Moffett's alleged concealment of crimes and obstruction of justice. According to Grappell, "ALL PARTIES INVOLVED ARE GUILTY OF" violations of 18 U.S.C. §§ 1510 and 2071, which "is the EPITOME OF PUBLIC CURRUPTION!"  Id.

**In Paragraph 12**, Grappell alleges that, on March 20, 2017, she gave her 180-notice of intention to sue in a document addressed to School Board Defendants Alberto M. Carvalho, Walter Harvey and Ian Moffett.  Id.

**In Paragraph 13**, Grappell references a speech allegedly given by K.G. at the Miami-Dade County School Board on June 21, 2017 and claims that no answers were given to K.G.'s questions, which she characterizes as "EXTREME DISCRIMINATION & NEGLECT OF DUTY FROM THE BOARD!"  Id.

**In Paragraph 14**, Grappell references a second purported appearance by K.G. before the School Board on August 9, 2017, where he was "asking for answers and was denied."  Id.  Grappell further alleges that she, her mother and K.G. were escorted out of the building upon School Board Defendant Walter Harvey's request, and claims that, "APPARENTLY, THE BOARD DISCRIMINATES AGAINST THE TRUTH & FACTUAL FINDINGS!"  Id.

**In Paragraph 15**, Grappell references a document she sent on September 11, 2017 to Senator Scott and Non-parties regarding Florida's education system, the Miami-Dade County Public Schools Police Department and School Board Defendant Alberto M. Carvalho's alleged failure to communicate with her and coordinate a meeting, claiming that "THIS DISCRIMINATION IS ALARMING!"  Id. at 17.

**In Paragraph 16**, Grappell references a document she claims to have generated on October 2, 2017 regarding "a missing / possible stolen certified return receipt green card" that was purportedly addressed to School Board Defendant Alberto M. Carvalho; and cites 18 U.S.C. § 1708.  Id.  Grappell then describes an anti-bullying law that she had created in honor of K.G. and claims that, if Senator Scott "would have enacted this K.G.'s Law, the Parkland murderer would have been intercepted after his 3rd behavioral incident."  Id.

**In Paragraph 17**, Grappell describes a purported interaction with School Board Defendant Alberto M. Carvalho at a School Board meeting on October 11, 2017 and alleges that, in a document written on October 16, 2017 describing the interaction that was sent to Senator Scott and Non-parties, she "requested for [her] law to be enacted for a second time PRIOR to the Parkland massacre."  Id.

**In Paragraph 18**, Grappell alleges that, on October 19, 2017, K.G. "was a victim of brutal harassment by Karen Silva Haj's daughter, G.H."  Id.  Grappell further alleges that she attempted to communicate with School Board Defendant Dr. Karen Silva-Haj, but her calls were not returned, which she characterizes as "beyond unprofessional & unethical"; "THE EPITOME OF DISCRIMINATION BY KAREN SILVA HAJ"; and "NEGLECT OF DUTY", which she claims was detailed in a document dated October 30, 2017 sent to Senator Scott and Non-parties.  Id. at 17-18.

**In Paragraph 19**, Grappell alleges that, on October 23, 2017, she sent an email to School Board Defendant Bart Christie purportedly documenting Dr. Karen Silva-Haj's alleged failure to return her phone calls.  Id. at 18.  Grappell further alleges that, at an October 24, 2017 meeting with

certain Non-parties, she shared with them K.G.'s Law, and that, upon the School Board's failure to implement it, she reached out to Senator Taddeo on October 25, 2017. Id.

**In Paragraph 20**, Grappell alleges that, on October 26, 2017, she withdrew K.G. from Leewood K-8 Center and that "K.G. was ultimately forced to leave his home school due to the documented discrimination, retaliation & harassment!" Id.

**In Paragraph 21**, Grappell alleges that, on November 15, 2017, K.G. again spoke before the Miami-Dade County School Board, and "DOCUMENTED DISCRIMINATION, RETALIATION & HARASSMENT THAT HE EXPERIENCED AT LEEWOOD K-8 CENTER!" Id.

**In Paragraph 22**, Grappell describes an alleged interaction with personnel from the Florida Department of Children and Families whereby she claims to have learned that Non-party Danny Morgan of that Department had passed away. Id.

**In Paragraph 23**, Grappell alleges that, on February 2, 2018, she visited Tallahassee, Florida to advocate for K.G.'s Law and that, "Once again, [Senator] Scott chose to discriminate against K.G. and [herself.]" Id. at 19.

**In Paragraph 24**, Grappell alleges that, on February 14, 2018, she sent a document to Senator Scott and Non-parties begging for implementation of K.G.'s Law, which she claims would have prevented the school shooting at Marjorie Stoneman Douglas High School, "but due to [Senator] Scott's failure to implement it and gross neglect of duty, 17 beautiful souls were taken from us." Id.

**In Paragraph 25**, Grappell alleges that, on April 30, 2018, she sent a document to Senator Scott and Non-Parties "that addressed the change of URL [Uniform Resource Locator] on the FDLE [Florida Department of Law Enforcement] website that reveals the truth about Miami-Dade County Public Schools Police Department and their failure to report crimes to the FDLE." Id. Grappell further alleges that, in the document, "Again, I urged the passage of K.G.'s Law and emphasized their obstruction of justice", citing to 18 U.S.C. §§ 1510 and 2071. Id. Grappell further alleges that, on the same date, she sent a letter to Senator Taddeo, "regarding her lack to respond to [Grappell] since October 2017. I also emphasize how we need to pass K.G.'s Law in Florida immediately." Id. at 20.

**In Paragraph 26**, Grappell alleges that, on May 21, 2018, she sent a document to Senator Scott and Non-Parties "informing them that the 180 days' notice ha[d] expired"; characterizing Non-party Danny Morgan as a convicted felon; and requesting passage of K.G.'s Law. Id.

**In Paragraph 27**, Grappell alleges that, on July 23, 2018, she sent a document to Senator Scott and Non-Parties regarding Non-party Danny Morgan and urging them to enact K.G.'s Law. Id. Grappell further alleges that, on the same date, she requested a meeting with School Board Defendant Edwin Lopez and that his failure to meet with her makes him guilty of 18 U.S.C. §§ 1510 and 2071. Id.

**In Paragraph 28**, Grappell describes a purported interaction with School Board Defendant Luby Navarro at a local Starbucks on October 27, 2018. Id. at 21. According to Grappell, this occurred despite School Board Defendant Walter Harvey's direction not to communicate with her, characterizing such direction as "THE EPITOME OF DISCRIMINATION." Id. at 21.

**In Paragraph 29**, Grappell alleges that, on October 31, 2018, she sent a document to School Board Defendant Edwin Lopez, Senator Scott and Non-Parties claiming that Edwin Lopez's and Alberto M. Carvalho's continued employment "would further document rampant public corruption". Id.

**In Paragraph 30**, Grappell alleges that, on December 18, 2018, she sent a document to Non-parties that "divulged THE TRUTH about [Senator] Scott" and proved that Senator Scott "is guilty of 18 U.S.C. § 2071" based on the employment of Edwin Lopez, Alberto M. Carvalho, Ian Moffett and Danny Morgan. Id.

**In Paragraph 31**, Grappell alleges that, on March 4, 2019, she "decided to divulge the facts listed above" to Governor DeSantis, and to "introduced him to K.G.'s Law". Id. at 21-22. Grappell further alleges that she sent to Governor DeSantis a document with numerous attachments and sought a meeting with him but never got a response. Id. at 22. Grappell further alleges that, "His failure to reply is bona fide discrimination." Id.

**In Paragraph 32**, Grappell alleges that, on July 17, 2019, she noticed that School Board Defendant Edwin Lopez had blocked her Twitter account "@EliminateHate2", as well as the accounts of her dog and K.G., which she claims is "Viewpoint discrimination [and] thus an egregious form of content discrimination." Id.

**In Paragraph 33**, Grappell alleges that School Board Defendants Walter J. Harvey, Luis M. Garcia, and Jordan A. Madrigal "DOCUMENTED THEIR PERJURY" in the Motion to Dismiss filed in Case 19-23990 and claims that "THESE ATTORNEYS HAVE ZERO ETHICS & SHOULD BE DISBARRED!" Id. at 22-23.

**In Paragraph 34**, Grappell describes a purported document she allegedly sent to Governor DeSantis on February 18, 2020, "regarding the extreme discrimination I experienced while I was at the Capitol on February 12, 2020." Id. at 23. Grappell further alleges that, "In this document, I conveyed the fact that NOT A SINGLE SENATOR OR HOUSE REPRESENTATIVE SAID NO TO K.G.'S LAW." Id. at 23.

**In Paragraph 35**, Grappell alleges that, on December 10, 2020, she sent a message to Senator Taddeo through her webpage, to which she received a generic response. Id.

**In Paragraph 36**, Grappell alleges that, on February 1, 2021, she sent to FDLE documents "regarding Edwin Lopez's documented unconstitutional viewpoint discrimination" and further alleges that, as of February 4, 2021, her Twitter account was still blocked by Edwin Lopez. Id.

**In Paragraph 37**, Grappell alleges that, on February 19, 2021, Edwin Lopez was "FORCED TO UNBLOCK" her Twitter account "@EliminateHate" and those of her family. Id. at 24.

**In Paragraph 38**, Grappell alleges that, on March 29, 2021, she sent a purported document to Governor DeSantis and Commissioner Corcoran regarding the passage of K.G.'s Law and its origin. Id. at 25. Grappell further alleges that, on April 9, 2021, she received a response from Governor DeSantis' office acknowledging Grappell's desire to implement K.G.'s Law and directing her to Senator Rubio and Senator Scott. Id.

**In Paragraph 39**, Grappell alleges that, on April 14, 2021, she sent documents to Senator Rubio and Senator Scott "urging them to present K.G.'s Law to Congress" and further alleging, "I still have yet to communicate with either Senator." Id. at 26.

**In Paragraph 40**, Grappell alleges that, "On April 24, 2021, I decided to confront Senator . . . Taddeo about her failure to acknowledge her constituent's truth and documented discrimination." Id. Grappell further alleges that, in a TikTok exchange with her, Senator Taddeo "commits perjury when she states that she is unaware of any certified mail from me." Id. at 26-27.

In the Relief section of the Amended Complaint, Grappell references Attachment C. See Am. Compl. [D.E. 9 at 4]. However, no such attachment is provided. Grappell did include a "Relief" section in her Complaint. See Compl. [D.E. 1 at 28-30]. Under the heading "PUNITIVE DAMAGES", Grappell requests "for each defendant to resign from their public position[;]" and that certain Defendants "be stripped of their doctoral degree[.]" Id. at 28. Under the hearing "GENERAL & COMPENSATORY DAMAGES" Grappell contends that she and K.G. "are entitled to 11 years of damages," which "EXCEEDS $75,000." Id. at 29.

As noted above, Defendants have moved to dismiss the Amended Complaint. Defendants argue that Grappell's Amended Complaint should be dismissed as a shotgun pleading. While the undersigned finds merit in that contention, the following discussion shows that Grappell's pleading is fatally flawed and that the Motions to Dismiss should be granted with prejudice.

   A. *Governor DeSantis and Commissioner Corcoran's Motion to Dismiss*

As shown in the foregoing recitation of Grappell's allegations, Commissioner Corcoran is only mentioned once in Plaintiff's Statement of Claim, namely, in Paragraph 38 (where Grappell alleges that, on March 29, 2021, she sent a purported document to Governor DeSantis and Commissioner Corcoran regarding the passage of K.G.'s Law and its origin). Moreover, Governor

11

DeSantis is only mentioned in two additional paragraphs, namely, in Paragraph 31 (where Grappell alleges that, on March 4, 2019, she divulged facts to him, introduced him to K.G.'s Law, sent him a document, and sought a meeting with him, but never got a response, and characterizes his purported failure to reply as bona fide discrimination); and in Paragraph 34 (where Grappell describes a document she claims to have sent to Governor DeSantis complaining of discrimination she purportedly experienced on a visit to the Capitol and claiming that no legislators said no to K.G.'s Law).

It is clear from the foregoing that Grappell has stated no claim against Commissioner Corcoran. Moreover, Grappell's allegations of discrimination against Governor DeSantis are solely based on his alleged failure to reply to her and her alleged experiences at the Florida Capitol. Even construing the Amended Complaint under the liberal standard applicable to a *pro se* action, Powell v. Lennon, 914 F.2d 1459, 1464 (11th Cir. 1990), Grappell's allegations are insufficient to state a claim for relief against Governor DeSantis, much less one for discrimination. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions).

In her combined Opposition to several of the Motions to Dismiss, Grappell argues that "All defendants have violated 42 U.S.C. § 2000d." See Opposition [D.E. 44 at 1]. This statute provides that, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" See 42 U.S.C. § 2000d. As demonstrated by the foregoing recitation of Grappell's allegations, the statute was not mentioned in the Amended Complaint. Moreover, Grappell's claims of discrimination in the Amended Complaint are not based on race, color or national origin; indeed, those allegations are nothing

12

more than a bald characterization of the conduct she imputes to various Defendants, with liberal use of capitalization, exclamation points and hyperbolic adjectives for emphasis. Thus, Grappell has not alleged a claim of discrimination pursuant to 42 U.S.C. § 2000d. Further, to the extent Grappell purports to assert such a claim on behalf of K.G., while proceeding *pro se* in this action, such a claim is barred by the law of the case doctrine, which provides that "an issue decided at one stage of a case is binding at later stages of the same case." Yeh Ho v. Wells Fargo Bank, N.A., No. 15-81522, 2018 WL 10809563 at *2 (S.D. Fla. Nov. 7, 2018) (citing United States v. Artis, 158 F. App'x 233, 234 (11th Cir. 2005); United States v. Escobar-Arrego, 110 F.3d 1556, 1560 (11th Cir. 1997)). As noted above, in addressing Grappell's predecessor case, the Eleventh Circuit explained to Grappell that "she cannot represent the legal interests of her son or enforce his rights while proceeding as a *pro se* party." Grappell, 847 F. App'x at 703. Thus, Grappell has not and cannot state a claim pursuant to 42 U.S.C. § 2000d.

In addition to the foregoing deficiencies, Grappell's Amended Complaint against Commissioner Corcoran and Governor DeSantis in their official capacities as Florida's Governor and Education Commissioner, respectively, is barred by Eleventh Amendment Immunity. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted); Bd. of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."). In her Opposition, Grappell argues that a claim for discrimination pursuant to 42 U.S.C. § 2000d is not subject to Eleventh Amendment Immunity. See Opposition [D.E. 44 at 11]. However, as discussed above, Grappell has made no such claim in the Amended Complaint and

13

her reliance on that statute in her Opposition wholly fails. Because Grappell's Amended Complaint against Governor DeSantis and Commissioner Corcoran is barred by Eleventh Amendment Immunity, the undersigned recommends that Governor DeSantis and Commissioner Corcoran's Motion to Dismiss be granted with prejudice.

### B. *Senator Taddeo's Motion to Dismiss*

As shown in the foregoing recitation of Grappell's allegations, Senator Taddeo is mentioned in Plaintiff's Statement of Claim in four paragraphs, as follows: Paragraph 19 (where Grappell alleges that, on October 25, 2017, she reached out to Senator Taddeo regarding K.G.'s Law); Paragraph 25 (where Grappell alleges that, on April 30, 2018, she sent a letter to Senator Taddeo regarding her alleged non-responsiveness since October 2017, and emphasizing the need to pass K.G.'s Law in Florida); Paragraph 35 (where Grappell alleges that, on December 10, 2020, she sent a message to Senator Taddeo through her webpage, to which she received a generic response); and Paragraph 40 (where Grappell references her decision to confront Senator Taddeo and describes a TikTok exchange with Senator Taddeo regarding her alleged non-responsiveness, and claims that Senator Taddeo committed perjury when replying that she was unaware of any certified mail from Grappell). Even construing the Amended Complaint under the liberal standard applicable to a *pro se* action, Powell, 914 F.2d at 1464, allegations of non-responsiveness are insufficient to state a claim for relief. See Bell Atlantic, 550 U.S. at 570 (noting that a complaint must state a claim for relief that is plausible on its face). With regard to Grappell's demands for passage of K.G.'s Law in Florida, Senator Taddeo invokes the bar of legislative immunity. See Senator Taddeo's Motion to Dismiss [D.E. 40 at 4] (citing Supreme Ct. of Va. v. Consumers Union

of U.S., Inc., 446 U.S. 719, 732 (1980)).[4]  Finally, Grappell's allegation that Senator Taddeo committed perjury during the course of the TikTok exchange fails on its face since social media comments are not made under oath.  Moreover, in Grappell's prior iteration of this case, her claims were dismissed with prejudice because they were based on criminal statutes, see Dismissal Order [Case 19-23990, D.E. 36 at 4,7], and the dismissal was affirmed by the Eleventh Circuit after confirming that the Title 18 sections invoked by Grappell "do not provide a civil cause of action or any civil remedies."  Grappell, 847 F. App'x at 701, 703.  Although not explicitly mentioned, Grappell's claim of perjury against Senator Taddeo relies on 18 U.S.C. § 1621.  Thus, Grappell's claim of perjury against Senator Taddeo is barred by the law of the case doctrine.  Yeh Ho, 2018 WL 10809563 at *2.

Because Grappell's Amended Complaint against Senator Taddeo is barred by legislative immunity and the law of the case, the undesigned recommends that Senator Taddeo's Motion to Dismiss be granted with prejudice.

### C. Senator Scott's Motion to Dismiss

As shown in the foregoing recitation of Grappell's allegations, Senator Scott is mentioned in Paragraphs 10-11, 15-18, 23-27, 29-30, and 38-39 in connection with alleged events during the time he was Governor of Florida and U.S. Senator.  In these Paragraphs, Grappell generally complains about discrimination, violations of federal criminal statutes, and failure to enact K.G.'s Law.  As discussed above in connection with Governor DeSantis, claims against Senator Scott in his official capacity as Governor of Florida are barred by Eleventh Amendment Immunity.  See Will, 491 U.S. at 71; Garrett, 531 U.S. at 363.  Moreover, Grappell's attempt to avoid this bar by

---

[4] In her Opposition, Grappell finds "it very alarming" that Defendants' counsel "misunderstood the purpose of this lawsuit.  It MOST CERTAINLY is NOT for failure to enact K.G.'s Law."  See Opposition [D.E. 44 at 10].

15

invoking 42 U.S.C. § 2000d wholly fails.  Further, any claims based on alleged violations of criminal statutes are barred by the law of the case doctrine.  Yeh Ho, 2018 WL 10809563 at *2.  Finally, any potential claims against Senator Scott as a U.S. Senator related to the failure to enact K.G.'s Law are barred by legislative immunity.  See Consumers Union, 446 US. at 732.

Because Grappell's Amended Complaint against Senator Scott is barred by Eleventh Amendment Immunity, the law of the case and legislative immunity, the undersigned recommends that Senator Scott's Motion to Dismiss be granted with prejudice.

### D. Senator Rubio's Motion to Dismiss

As shown in the foregoing recitation of Grappell's allegations, Senator Rubio is mentioned in Plaintiff's Statement of Claim in only two paragraphs, as follows:  In Paragraph 38, Grappell alleges that Governor DeSantis directed her to Senator Rubio in connection with her advocacy for K.G.'s Law; and in Paragraph 39, Grappell alleges that, on April 14, 2021, she urged Senator Rubio to present K.G.'s Law to Congress but did not hear back from him.  In his Motion to Dismiss, Senator Rubio argues that sovereign immunity and the Speech or Debate Clause of the U.S. Constitution bar any claims by Grappell arising from his legislative activity.  See Senator Rubio's Motion to Dismiss [D.E. 61 at 4-7] (citing *inter alia* FDIC v. Meyer, 510 U.S. 471, 475 (1994); Eastland v. U.S. Servicemen's Fund, 421 U.S. 491, 502 (1975)).  In her Opposition to Senator Rubio's Motion to Dismiss (hereafter, "Opposition"), Grappell again argues that a claim for discrimination pursuant to 42 U.S.C. § 2000d is not barred by sovereign immunity.  See Opposition [D.E. 65 at 2-3].  However, as discussed above, this argument wholly fails.  Grappell also generally argues that felony is an exception to the Speech or Debate Clause bar.  Id. at 3-4.  However, this argument is irrelevant to Grappell's sole allegation against Senator Rubio that she did not hear back from him regarding K.G.'s Law.

Because Grappell's Amended Complaint against Senator Rubio is barred by sovereign immunity and the Speech or Debate Clause, the undersigned recommends that Senator Rubio's Motion to Dismiss be granted with prejudice.

### E. School Board Defendants' Motion to Dismiss

As shown in the foregoing recitation of Grappell's allegations, various paragraphs in Grappell's Amended Complaint mention specific School Board Defendants and reference federal criminal statutes. In Grappell's predecessor case, the Eleventh Circuit affirmed the dismissal of similar claims after confirming that those criminal statutes "do not provide a civil cause of action or any civil remedies." Grappell, 847 F. App'x at 703. Therefore, any claims against specific School Board Defendants in the Amended Complaint that are predicated on federal criminal statutes are barred by the law of the case doctrine. Yeh Ho, 2018 WL 10809563 at *2.

In her Amended Complaint, Grappell also purports to assert a sex discrimination claim on behalf of K.G. pursuant to Title IX. As noted above, such a claim "may lie against [a] school board in cases of student-on-student harassment . . . but only where the funding recipient acts with deliberate indifference to known acts of harassment in its programs or activities" and "such an action will lie only for harassment that is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." Davis, 526 U.S. at 633. However, in Grappell's predecessor case, the Eleventh Circuit ruled that "she cannot represent the legal interests of her son or enforce his rights while proceeding as a *pro se* party." Grappell, 847 F. App'x at 703. Because she is again proceeding *pro se*, Grappell's purported Title IX claim on behalf of K.G. is barred by the law of the case doctrine. Yeh Ho, 2018 WL 10809563 at *2. Moreover, although it is not clear that Grappell is attempting to assert a Title IX claim on her own behalf, such a claim is also barred by the law of the case doctrine, given the Eleventh

Circuit's prior ruling that she could not bring such a claim "because she was not a prospective or current student or employee of any entity connected with the [School Board D]efendants." Grappell, 847 F. App'x at 703.

Because Grappell's Amended Complaint against the School Board Defendants is barred by the law of the case doctrine and disregards the Eleventh Circuit's prior instructions and admonitions, the undersigned recommends that the School Board Defendants' Motion to Dismiss be granted with prejudice.

## RECOMMENDATION

Based on the foregoing considerations, it is RESPECTFULLY RECOMMENDED that Defendants' Motions to Dismiss [D.E. 12, 40, 41, 47 and 61] be GRANTED WITH PREJUDICE.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Beth Bloom, United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 8th day of October, 2021.

_____<br>
ALICIA M. OTAZO-REYES<br>
UNITED STATES MAGISTRATE JUDGE

Copies provided via CM/ECF to:
United States District Judge Beth Bloom
*Pro se* Plaintiff Jennifer Grappell
Counsel of record