**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-22016-BLOOM/Otazo-Reyes**

JENNIFER GRAPPELL,

    Plaintiff,

v.

ALBERTO M. CARVALHO, *et al.*,

    Defendants.

    _____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon the Honorable Alicia M. Otazo-Reyes's Report and Recommendation Re: Motions to Dismiss, ECF No. [68] ("Report"). On October 18, 2021, Judge Otazo-Reyes issued her Report, recommending that the Court grant with prejudice: (1) Defendants Governor Ron DeSantis's ("Governor DeSantis") and Department of Education Commissioner Richard Corcoran's ("Commissioner Corcoran") Motion to Dismiss Complaint and Amended Complaint, ECF No. [12]; (2) Defendant Senator Annette Taddeo's ("Senator Taddeo") Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law, ECF No. [40]; (3) Defendant Senator Rick Scott's ("Senator Scott") Motion to Dismiss Complaint and Amended Complaint, ECF No. [41]; (4) School Board Defendants'[1] Combined Motion to Dismiss Plaintiff's Amended Complaint with Prejudice, ECF No. [47]; and (5) Defendant United States Senator Marco Rubio's ("Senator Rubio") Motion to Dismiss, ECF No. [61] (collectively, "Motions to

---

[1] The School Board Defendants include the following individuals: Alberto M. Carvalho, Perla Tabares Hantman, Dr. Martin Karp, Dr. Dorothy Bendross-Mindingall, Susie V. Castillo, Dr. Lawrence S. Feldman, Dr. Steve Gallon III, Dr. Lubby Navarro, Dr. Marta Perez, Marie Tere Rojas, Walter J. Harvey, Luis M. Garcia, Jordan A. Madrigal, Edwin Lopez, Ian Moffett, Bart Christie, Dr. Karen Silva-Haj, Jennie Flores, and Matthew Sperling.

Dismiss"). ECF No. [68] at 18. The Report advised that any objections to the Report's findings were due within fourteen days of receipt of the Report. *Id.*

Plaintiff Jennifer Grappell ("Plaintiff") timely filed Objections to the Report, ECF No. [69] ("Objections"), primarily arguing that the Report is "based on false pretenses because defendants lied to the court and presented false statements to support their grounds for dismissal" and that "[g]ranting defendants' motions to dismiss would rule against the weight of the evidence." ECF No. [69] at 2. Plaintiff further explains that she "is prepared with ample sworn affidavits of truth & videos to disprove a shotgun pleading." *Id.* To date, only Senator Marco Rubio filed a Response to Plaintiff's Objections. ECF No. [70]. This Court has conducted a *de novo* review of the record, including the portions of the Report to which Plaintiff has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the Report for clear error, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). The Court finds that Plaintiff's Objections are without merit and therefore overruled. *See Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)).

I. **BACKGROUND**

The Court assumes the reader's familiarity with the facts underlying this case and does not repeat them. Additionally, the Court adopts Judge Otazo-Reyes's description of the procedural history of this case. ECF No. [68] at 2-11.

II. **LEGAL STANDARD**

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). Although Rule 72 is silent on the standard of review, the United States Supreme Court has determined Congress's intent was to require *de*

*novo* review only when objections were properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)). A proper objection "identifie[s] specific findings set forth in the [Report] and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations added) (citation omitted). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks omitted) (citation omitted)); *see also Russell v. United States*, No. 11-20557-CIV, 2012 WL 10026019, at *1 (S.D. Fla. Apr. 17, 2012) (declining to address general or blanket objections not specifically identifying aspects of the magistrate judge's report to which the petitioner objected).

## III.  DISCUSSION

Plaintiff raises three principal objections to the Report. First, Plaintiff argues that this Court should "disregard" Judge Otazo-Reyes's "flawed" Report because it highlights that while the Amended Complaint references "Attachment C," no such attachment was provided. ECF No. [69] at 1; *see also* ECF No. [68] at 11; ECF No. [9] at 4.[2] Next, Plaintiff argues that "defendants lied to the court and presented several false statements to support their grounds for dismissal" and that Judge Otazo-Reyes "found merit in defendants' perjury." ECF No. [69] at 1-2. Lastly, despite Judge Otazo-Reyes's recommendation that the Amended Complaint be dismissed on the merits rather than as a shotgun pleading, Plaintiff argues that she "is prepared with ample sworn affidavits

---

[2] Judge Otazo-Reyes correctly found that "Attachment C" referenced in the Relief section of Plaintiff's Amended Complaint, ECF No. [9] at 4, was not provided. *See generally id.*

3

of truth & videos to disprove a shotgun pleading" and that "[g]ranting defendants' motions to dismiss would rule against the weight of the evidence." *Id.* at 2; *see also* ECF No. [68] at 11.

Upon review, Plaintiff's Objections are not well-taken and are overruled. As an initial matter, the Court must highlight that despite Plaintiff's numerous accusations against both Judge Otazo-Reyes and Defendants, those accusations are wholly inappropriate, unfounded, and patently frivolous. Indeed, Plaintiff has failed to demonstrate any semblance of bad faith on behalf of Defendants or Defendants' counsel, or that Defendants' arguments in support of dismissal are not warranted by existing law and its application to the instant case. *See generally* ECF No. [69].

Additionally, Plaintiff's Objections are improper because they largely expand upon and reframe arguments already made and thoroughly considered by Judge Otazo-Reyes, or they simply disagree with Judge Otazo-Reyes's conclusions. Indeed, Plaintiff copies and pastes verbatim large portions of her underlying Responses to Defendants' Motions to Dismiss, ECF Nos. [44], [55], and [68], into her Objections to purportedly show the correctness of her analysis. *Compare* ECF Nos. [44], [55], and [68], *with* ECF No. [69]. "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Moreover, the Court finds Judge Otazo-Reyes's Report to be well-reasoned and correct. Therefore, Plaintiff's Objections are overruled.

Case No. 21-cv-22016-BLOOM/Otazo-Reyes

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Otazo-Reyes's Report and Recommendations, **ECF No. [68]**, is **ADOPTED**.

2. Plaintiff's Objections, **ECF No. [69]**, are **OVERRULED**.

3. The Motions to Dismiss, ECF Nos. **[12], [40], [41], [47], & [61]**, are **GRANTED**.

4. Plaintiff's Amended Complaint, **ECF No. [9]**, is **DISMISSED WITH PREJUDICE**.

5. The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 5, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Jennifer Grappell
10390 S.W. 130th Street
Miami, FL 33176
Email: SHADY741@ME.COM