UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-22016-BLOOM/Otazo-Reyes**

JENNIFER GRAPPELL,

      Plaintiff,

v.

ALBERTO M. CARVALHO, *et al.*,

      Defendants.

_____/

## ORDER ON MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court upon the School Board Defendants'[1] Rule 11 Motion for Sanctions, ECF No. [58] ("Motion"), filed on July 12, 2021.[2] On August 11, 2021, Plaintiff Jennifer Grappell ("Plaintiff" or "Grappell"), filed an Opposition to the Motion, ECF No. [67] ("Response"), to which the School Board Defendants have not replied. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

I.      **BACKGROUND**

      a.   **Plaintiff's Prior Case**

On September 26, 2019, Plaintiff file a Complaint in Case No. 19-cv-23990-MGC ("Case No. 19-23990") against the School Board Defendants. *See Grappell, et al. v. Alberto M.*

---

[1] The School Board Defendants are Alberto M. Carvalho, Perla Tabares Hantman, Dr. Martin Karp, Dr. Dorothy Bendross-Mindingall, Susie V. Castillo, Dr. Lawrence S. Feldman, Dr. Steve Gallon III, Dr. Lubby Navarro, Dr. Marta Perez, Marie Tere Rojas, Walter J. Harvey, Luis M. Garcia, Jordan A. Madrigal, Edwin Lopez, Ian Moffett, Bart Christie, Dr. Karen Silva-Haj, Jennie Flores, and Matthew Sperling.

[2] The Court's Order referring the School Board Defendants' Rule 11 Motion for Sanctions to Magistrate Judge Alicia M. Otazo-Reyes for a Report and Recommendations, ECF No. [59], is **WITHDRAWN**.

*Caravalho, et al.*, Case No. 19-cv-23990-MGC ("Case No. 19-23990"), ECF No. [1] at 2-3.

Plaintiff listed the following statutes as providing the basis for federal question jurisdiction: 18

U.S.C. §§ 1510(a), 2071 and 241; and 42 U.S.C. § 1986. *Id.* at 4.

On July 24, 2020, United States District Judge Marcia G. Cooke entered an Order Granting

the School Board Defendants' Motion to Dismiss, *see* Case No. 19-23990, ECF No. [36]

("Dismissal Order"). The factual allegations in the Complaint, as summarized by Judge Cooke,

were as follows:

> Plaintiff alleges that on October 12, 2015, when her minor son, K.G., was seven years old, two female classmates sexually violated him during a Physical Education class at their school, Leewood K-8 Center. At some time after this incident, the Physical Education teacher "scolded" K.G. and told him to let his mother know he is going to receive a "B" in the course for "for not following [his] directions." Five days later, Plaintiff sent a letter to Superintendent Carvalho and others "asserting K.G.'s civil rights." Plaintiff alleges this caused the teacher to "retaliate against" her by lowering K.G.'s grade from an "A" to a "C."
>
> From there, the Complaint delves into allegations of various crimes committed by several individuals, including non-defendants. Plaintiff references, without detail, reports she filed with the Miami-Dade County Public Schools Police Department and various letters she sent to public figures, including President Donald Trump. While the Complaint is at times hard to follow, and many of the allegations are untethered to any cause of action, it appears Plaintiff is alleging that she and K.G. informed the Defendants of the alleged sexual violation against K.G. through various modes of communication, and they failed to act, which she alleges "makes every single board member an accessory after the fact." She also alleges that she and K.G. suffered discrimination, retaliation, and harassment from Leewood K-8 Center employees and the Defendants.

*Id.* at 1-2 (citations omitted).

In her Dismissal Order, Judge Cooke initially found Plaintiff's Complaint to be an

impermissible shotgun pleading, which failed to meet the requirements of Fed. R. Civ. P. 8(a)

and 10(b), "even under the relaxed pleading standard afforded to *pro se* litigants." *Id.* at 3-4.

Judge Cooke further found that Plaintiff's Complaint failed to state a claim upon which relief

can be granted as to 18 U.S.C. §§ 1510(a), 2071 and 241 because "[n]one of the statutes under

Title 18 cited provide any private cause of action or entitle Plaintiff to the relief requested because

they are criminal in nature." *Id.* at 4. Judge Cooke further found that Plaintiff's attempt to bring

a claim under 42 U.S.C. § 1986 also failed because such a claim would be derivative of a claim

pursuant to 42 U.S.C. § 1985, which was not brought and which, in any event, would be barred

by the intracorporate conspiracy doctrine because all of the named Defendants are members of

the Miami-Dade School Board. *Id.* at 5-6. Finally, Judge Cooke declined to grant Plaintiff leave

to amend, finding that any such amendment would be futile and that, even if Plaintiff complied

with the pleading requirements of Fed. R. Civ. P. 8(a) and 10(b), she "would not be able to show

she is entitled to the relief she seeks." *Id.* at 6-7. Thus, the Complaint was dismissed without

leave to amend and with prejudice. *Id.* at 7.

On appeal, the Eleventh Circuit affirmed in part and vacated and remanded in part. *See*

*Grappell v. Carvalho*, 847 F. App'x 698, 703 (11th Cir. 2021) ("Eleventh Circuit's Opinion").

With regard to Plaintiff's son, "K.G.", the Eleventh Circuit stated that:

> Grappell, a non-attorney proceeding *pro se*, purported to bring claims on behalf of
> herself and her minor son. While individuals in federal court generally may "may
> plead and conduct *their own cases* personally," 28 U.S.C. § 1654 (emphasis added),
> the right to appear *pro se* does not extend to non-attorney parties representing the
> interests of others. In particular, we have held that "parents who are not attorneys
> may not bring a *pro se* action on their child's behalf." *Devine v. Indian River Cnty.
> Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) (explaining that while Rule 17(c), Fed.
> R. Civ. P., permits a parent to sue on behalf of a minor child, it does not permit a
> non-attorney parent to act as legal counsel for the child in such an action), *overruled
> in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*,
> 550 U.S. 516, 535, 127 S. Ct. 1994, 167 L.Ed.2d 904 (2007). This rule "helps to
> ensure that children rightfully entitled to legal relief are not deprived of their day
> in court by unskilled, if caring, parents." *Devine*, 121 F.3d at 581. Accordingly, to
> the extent Grappell, a non-attorney, sought to represent the legal interests of her
> son, the district court should have dismissed those claims without prejudice.

*Id.* at 701.

With regard to Plaintiff's own claims, the Eleventh Circuit found that "the district court properly dismissed Plaintiff's complaint" because she "ha[d] not stated a plausible claim to relief." *Id.* at 701. As to Plaintiff's reliance on 18 U.S.C. §§ 241, 1510, 1621, 1708 and 2071, the Eleventh Circuit confirmed that "these sections of Title 18 pertain to criminal law and do not provide a civil cause of action or any civil remedies." *Id.* As to any potential claims under 42 U.S.C. §§ 1985 and 1986, the Eleventh Circuit stated:

> [N]othing in the complaint suggests that the defendants' allegedly wrongful conduct against Grappell was motivated by racial or class-based animus, which is required for claims under § 1985(2) and (3). Nor do her allegations indicate, beyond vague and conclusory accusations, the existence of any joint agreement between the defendants. Accordingly, Grappell's allegations fail to show the existence of any conspiracy under § 1985. And without a § 1985 conspiracy, she likewise cannot establish a claim under § 1986. We also note that Grappell does not appear to seek any cognizable relief, such as monetary damages, for her own claims.

*Id.* at 702 (citations omitted).

The Eleventh Circuit concluded its opinion as follows:

> While [Grappell] suggests on appeal that she could state claims under Title VII and Title IX, there is no indication she could bring a claim under these statutes because she was not a prospective or current student or employee of any entity connected with the defendants. And again, she cannot represent the legal interests of her son or enforce his rights while proceeding as a *pro se* party. *See Devine*, 121 F.3d at 581.
>
> In sum, we affirm the dismissal with prejudice of Grappell's complaint to the extent she seeks relief on her own behalf. We vacate the dismissal of the complaint to the extent Grappell sought to represent her son's legal interests, and we remand for the district court to dismiss those claims without prejudice.

*Id.* at 703. The Mandate was issued on May 18, 2021. *See* Case No. 19-23990, ECF No. [42].

On June 4, 2021, Judge Cooke entered an Order on Remand vacating in part her Dismissal Order "only to the extent it dismissed Plaintiff's claims brought on behalf of her son" and dismissing any such claims "without prejudice." *See* Case No. 19-23990, ECF No. [43] at 1.

**b.  Plaintiff's Current Case**

Plaintiff initiated the instant action on June 1, 2021.  *See* ECF No. [1].  According to the

Amended Complaint, the basis for federal question jurisdiction is 18 U.S.C. §§ 1510, 1621, 2071,

and Title IX of the Education Amendments of 1972 (hereafter, "Title IX").  ECF No. [9] at 3.  Title

IX provides, in pertinent part, that:

> No person in the United States shall, on the basis of sex, be excluded from
> participation in, be denied the benefits of, or be subjected to discrimination under
> any education program or activity receiving Federal financial assistance.

*See* 20 U.S.C. § 1681(a).  In *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629 (1999), the United

States Supreme Court ruled that "a private damages action may lie against [a] school board in cases

of student-on-student harassment . . . but only where the funding recipient acts with deliberate

indifference to known acts of harassment in its programs or activities" and "such an action will lie

only for harassment that is so severe, pervasive, and objectively offensive that it effectively bars

the victim's access to an educational opportunity or benefit." *Id.* at 633.

In the Statement of Claim portion of her Amended Complaint, Plaintiff presents a lengthy

narrative of events, consisting of forty paragraphs and spanning the period from October 12, 2015

to April 21, 2021. *See* ECF No. [9] at 11-27. Plaintiff alleges as follows:

**In Paragraph 1**, Plaintiff alleges that, on October 12, 2015, her son K.G. was sexually violated
by two female students in his P.E. class at Leewood K-8 Center; and purports to assert a sex
discrimination claim on behalf of K.G. pursuant to Title IX. *Id.* at 11.

**In Paragraph 2**, Plaintiff alleges that, on January 8, 2016, School Board Defendants Bart Christie
and Dr. Karen Silva-Haj "grossly violated K.G.'s civil rights" and refers to a document dated
January 11, 2016. Plaintiff further alleges that all five police reports she purportedly filed with the
Miami-Dade County Public Schools Police Department "contain numerous inaccuracies" and that
the Police Department's purported failure to report all crimes to the Florida Department of Law
Enforcement is a violation of 18 U.S.C. § 1510. *Id.*

**In Paragraph 3**, Plaintiff alleges that, on January 29, 2016, School Board Defendant Jennie Flores
"DEPRIVED K.G. OF MEDICAL CARE", which she characterizes as a "gross neglect of duty".
*Id.* at 12.

**In Paragraph 4**, Plaintiff references a meeting attended by her, K.G. and School Board Defendants Bart Christie and Jennie Flores, during which Jennie Flores allegedly stated that K.G. did not fit in at Leewood K-8, which statement Plaintiff characterizes as "THE EPITOME OF DISCRIMINATION". *Id.*

**In Paragraph 5**, Plaintiff alleges that, on March 18, 2016, School Board Defendants Bart Christie and Dr. Karen Silva-Haj "chose to violate K.G. & [Plaintiff's] own rights" by making a false report to Florida's Department of Children and Families, thereby violating 18 U.S.C. § 1621. *Id.*

**In Paragraph 6**, Plaintiff alleges that, also on March 18, 2016, she "received notice of being banned from entering K.G.'s school" which she characterizes as "DISCRIMINATION & RETALIATION". *Id.* at 13.

**In Paragraph 7**, Plaintiff alleges that, on March 21, 2016, Non-party Denise Hannah conducted an in-home interview of K.G. but did not report K.G.'s alleged sexual violation and Dr. Karen Silva-Haj's purported knowledge of it, thereby violating 18 U.S.C. § 2071. *Id.* at 14.

**In Paragraph 8**, Plaintiff references: an April 22, 2016 interaction with the office of School Board Defendant Alberto M. Carvalho; a May 10, 2016 letter from School Board Defendant Lubby Navarro's chief of staff stating that, on advice of counsel, it would not be appropriate to meet with Plaintiff, which she characterizes as "THE EPITOME OF DISCRIMINATION"; and a May 10, 2016 document from School Board Defendant Ian Moffett. *Id.*

**In Paragraph 9**, Plaintiff alleges that the October 27, 2016 posting of a picture of her at the entrance of a county building as being banned from the building was harassment and defamation of character under Fla. Stat. § 784.048, a state criminal anti-stalking statute. *Id.* at 15.

**In Paragraph 10**, Plaintiff references a December 9, 2016 letter from Senator Scott's office encouraging her to keep working with the Public Corruption Unit and characterizes her unsuccessful attempts to communicate with that unit as "extreme discrimination". *Id.* at 16.

**In Paragraph 11**, Plaintiff alleges that, on February 22, 2017 she sent a document to Senator Scott and various Non-parties, requesting a meeting with Senator Scott to complain about Ian Moffett's alleged concealment of crimes and obstruction of justice. According to Plaintiff, "ALL PARTIES INVOLVED ARE GUILTY OF" violations of 18 U.S.C. §§ 1510 and 2071, which "is the EPITOME OF PUBLIC CORRUPTION!" *Id.*

**In Paragraph 12**, Plaintiff alleges that, on March 20, 2017, she gave her 180-notice of intention to sue in a document addressed to School Board Defendants Alberto M. Carvalho, Walter Harvey and Ian Moffett. *Id.*

**In Paragraph 13**, Plaintiff references a speech allegedly given by K.G. at the Miami-Dade County School Board on June 21, 2017 and claims that no answers were given to K.G.'s questions, which she characterizes as "EXTREME DISCRIMINATION & NEGLECT OF DUTY FROM THE BOARD!" *Id.*

**In Paragraph 14**, Plaintiff references a second purported appearance by K.G. before the School Board on August 9, 2017, where he was "asking for answers and was denied." *Id.* Plaintiff further alleges that she, her mother and K.G. were escorted out of the building upon School Board Defendant Walter Harvey's request, and claims that, "APPARENTLY, THE BOARD DISCRIMINATES AGAINST THE TRUTH & FACTUAL FINDINGS!" *Id.*

**In Paragraph 15**, Plaintiff references a document she sent on September 11, 2017 to Senator Scott and Non-parties regarding Florida's education system, the Miami-Dade County Public Schools Police Department and School Board Defendant Alberto M. Carvalho's alleged failure to communicate with her and coordinate a meeting, claiming that "THIS DISCRIMINATION IS ALARMING!" *Id.* at 17.

**In Paragraph 16**, Plaintiff references a document she claims to have generated on October 2, 2017 regarding "a missing / possible stolen certified return receipt green card" that was purportedly addressed to School Board Defendant Alberto M. Carvalho; and cites 18 U.S.C. § 1708. *Id.* Plaintiff then describes an anti-bullying law that she had created in honor of K.G. and claims that, if Senator Scott "would have enacted this K.G.'s Law, the Parkland murderer would have been intercepted after his 3rd behavioral incident." *Id.*

**In Paragraph 17**, Plaintiff describes a purported interaction with School Board Defendant Alberto M. Carvalho at a School Board meeting on October 11, 2017 and alleges that, in a document written on October 16, 2017 describing the interaction that was sent to Senator Scott and Non-parties, she "requested for [her] law to be enacted for a second time PRIOR to the Parkland massacre." *Id.*

**In Paragraph 18**, Plaintiff alleges that, on October 19, 2017, K.G. "was a victim of brutal harassment by Karen Silva Haj's daughter, G.H." *Id.* Plaintiff further alleges that she attempted to communicate with School Board Defendant Dr. Karen Silva-Haj, but her calls were not returned, which she characterizes as "beyond unprofessional & unethical"; "THE EPITOME OF DISCRIMINATION BY KAREN SILVA HAJ"; and "NEGLECT OF DUTY", which she claims was detailed in a document dated October 30, 2017 sent to Senator Scott and Non-parties. *Id.* at 17-18.

**In Paragraph 19**, Plaintiff alleges that, on October 23, 2017, she sent an email to School Board Defendant Bart Christie purportedly documenting Dr. Karen Silva-Haj's alleged failure to return her phone calls. *Id.* at 18. Plaintiff further alleges that, at an October 24, 2017 meeting with certain Non-parties, she shared with them K.G.'s Law, and that, upon the School Board's failure to implement it, she reached out to Senator Taddeo on October 25, 2017. *Id.*

**In Paragraph 20**, Plaintiff alleges that, on October 26, 2017, she withdrew K.G. from Leewood K-8 Center and that "K.G. was ultimately forced to leave his home school due to the documented discrimination, retaliation & harassment!" *Id.*

**In Paragraph 21**, Plaintiff alleges that, on November 15, 2017, K.G. again spoke before the Miami-Dade County School Board, and "DOCUMENTED DISCRIMINATION, RETALIATION & HARASSMENT THAT HE EXPERIENCED AT LEEWOOD K-8 CENTER!" *Id.*

**In Paragraph 22**, Plaintiff describes an alleged interaction with personnel from the Florida Department of Children and Families whereby she claims to have learned that Non-party Danny Morgan of that Department had passed away. *Id.*

**In Paragraph 23**, Plaintiff alleges that, on February 2, 2018, she visited Tallahassee, Florida to advocate for K.G.'s Law and that, "Once again, [Senator] Scott chose to discriminate against K.G. and [herself.]" *Id.* at 19.

**In Paragraph 24**, Plaintiff alleges that, on February 14, 2018, she sent a document to Senator Scott and Non-parties begging for implementation of K.G.'s Law, which she claims would have prevented the school shooting at Marjorie Stoneman Douglas High School, "but due to [Senator] Scott's failure to implement it and gross neglect of duty, 17 beautiful souls were taken from us." *Id.*

**In Paragraph 25**, Plaintiff alleges that, on April 30, 2018, she sent a document to Senator Scott and Non-Parties "that addressed the change of URL [Uniform Resource Locator] on the FDLE [Florida Department of Law Enforcement] website that reveals the truth about Miami-Dade County Public Schools Police Department and their failure to report crimes to the FDLE." *Id.* Plaintiff further alleges that, in the document, "Again, I urged the passage of K.G.'s Law and emphasized their obstruction of justice", citing to 18 U.S.C. §§ 1510 and 2071. *Id.* Plaintiff further alleges that, on the same date, she sent a letter to Senator Taddeo, "regarding her lack to respond to [Plaintiff] since October 2017. I also emphasize how we need to pass K.G.'s Law in Florida immediately." *Id.* at 20.

**In Paragraph 26**, Plaintiff alleges that, on May 21, 2018, she sent a document to Senator Scott and Non-Parties "informing them that the 180 days' notice ha[d] expired"; characterizing Nonparty Danny Morgan as a convicted felon; and requesting passage of K.G.'s Law. *Id.*

**In Paragraph 27**, Plaintiff alleges that, on July 23, 2018, she sent a document to Senator Scott and Non-Parties regarding Non-party Danny Morgan and urging them to enact K.G.'s Law. *Id.* Plaintiff further alleges that, on the same date, she requested a meeting with School Board Defendant Edwin Lopez and that his failure to meet with her makes him guilty of 18 U.S.C. §§ 1510 and 2071. *Id.*

**In Paragraph 28**, Plaintiff describes a purported interaction with School Board Defendant Luby Navarro at a local Starbucks on October 27, 2018. *Id.* at 21. According to Plaintiff, this occurred despite School Board Defendant Walter Harvey's direction not to communicate with her, characterizing such direction as "THE EPITOME OF DISCRIMINATION." *Id.* at 21.

**In Paragraph 29**, Plaintiff alleges that, on October 31, 2018, she sent a document to School Board Defendant Edwin Lopez, Senator Scott and Non-Parties claiming that Edwin Lopez's and Alberto M. Carvalho's continued employment "would further document rampant public corruption". *Id.*

**In Paragraph 30**, Plaintiff alleges that, on December 18, 2018, she sent a document to Nonparties that "divulged THE TRUTH about [Senator] Scott" and proved that Senator Scott "is guilty of 18 U.S.C. § 2071" based on the employment of Edwin Lopez, Alberto M. Carvalho, Ian Moffett and Danny Morgan. *Id.*

**In Paragraph 31**, Plaintiff alleges that, on March 4, 2019, she "decided to divulge the facts listed above" to Governor DeSantis, and to "introduced him to K.G.'s Law". *Id.* at 21-22. Plaintiff further alleges that she sent to Governor DeSantis a document with numerous attachments and sought a meeting with him but never got a response. *Id.* at 22. Plaintiff further alleges that, "His failure to reply is bona fide discrimination." *Id.*

**In Paragraph 32**, Plaintiff alleges that, on July 17, 2019, she noticed that School Board Defendant Edwin Lopez had blocked her Twitter account "@EliminateHate2", as well as the accounts of her dog and K.G., which she claims is "Viewpoint discrimination [and] thus an egregious form of content discrimination." *Id.*

**In Paragraph 33**, Plaintiff alleges that School Board Defendants Walter J. Harvey, Luis M. Garcia, and Jordan A. Madrigal "DOCUMENTED THEIR PERJURY" in the Motion to Dismiss filed in Case 19-23990 and claims that "THESE ATTORNEYS HAVE ZERO ETHICS & SHOULD BE DISBARRED!" *Id.* at 22-23.

**In Paragraph 34**, Plaintiff describes a purported document she allegedly sent to Governor DeSantis on February 18, 2020, "regarding the extreme discrimination I experienced while I was at the Capitol on February 12, 2020." *Id.* at 23. Plaintiff further alleges that, "In this document, I conveyed the fact that NOT A SINGLE SENATOR OR HOUSE REPRESENTATIVE SAID NO TO K.G.'S LAW." *Id.* at 23.

**In Paragraph 35**, Plaintiff alleges that, on December 10, 2020, she sent a message to Senator Taddeo through her webpage, to which she received a generic response. *Id.*

**In Paragraph 36**, Plaintiff alleges that, on February 1, 2021, she sent to FDLE documents "regarding Edwin Lopez's documented unconstitutional viewpoint discrimination" and further alleges that, as of February 4, 2021, her Twitter account was still blocked by Edwin Lopez. *Id.*

**In Paragraph 37**, Plaintiff alleges that, on February 19, 2021, Edwin Lopez was "FORCED TO UNBLOCK" her Twitter account "@EliminateHate" and those of her family. *Id.* at 24.

**In Paragraph 38**, Plaintiff alleges that, on March 29, 2021, she sent a purported document to Governor DeSantis and Commissioner Corcoran regarding the passage of K.G.'s Law and its origin. *Id.* at 25. Plaintiff further alleges that, on April 9, 2021, she received a response from Governor DeSantis' office acknowledging Plaintiff's desire to implement K.G.'s Law and directing her to Senator Rubio and Senator Scott. *Id.*

Case No. 21-cv-22016-BLOOM/Otazo-Reyes

**In Paragraph 39**, Plaintiff alleges that, on April 14, 2021, she sent documents to Senator Rubio and Senator Scott "urging them to present K.G.'s Law to Congress" and further alleging, "I still have yet to communicate with either Senator." *Id.* at 26.

**In Paragraph 40**, Plaintiff alleges that, "On April 24, 2021, I decided to confront Senator . . . Taddeo about her failure to acknowledge her constituent's truth and documented discrimination." *Id.* Plaintiff further alleges that, in a TikTok exchange with her, Senator Taddeo "commits perjury when she states that she is unaware of any certified mail from me." *Id.* at 26-27.

In the Relief section of the Amended Complaint, Plaintiff references Attachment C. *Id.* at 4. However, no such attachment was provided. Plaintiff did include a "Relief" section in her Complaint. *see* ECF No. [1] at 28-3. Under the heading "PUNITIVE DAMAGES," Plaintiff requests "for each defendant to resign from their public position[;]" and that certain Defendants "be stripped of their doctoral degree[.]" *Id.* at 28. Under the hearing "GENERAL & COMPENSATORY DAMAGES" Plaintiff contends that she and K.G. "are entitled to 11 years of damages," which "EXCEEDS $75,000." *Id.* at 29.

On June 21, 2021 the School Board Defendants filed a Combined Motion to Dismiss Plaintiff's Amended Complaint with Prejudice, ECF No. [47] ("Combined Motion to Dismiss"). The School Board Defendants also filed the instant Motion, seeking sanctions against Plaintiff for ignoring this Court's and the Eleventh Circuit's orders, and relitigating claims that she "was specifically instructed not to bring." ECF No. [58] at 4. Thereafter, this Court referred the Combined Motion to Dismiss, along with the four other motions to dismiss filed in this action, ECF Nos. [12], [40], [41], & [61] (collectively, Motions to Dismiss"),[3] to Magistrate Judge Alicia M. Otazo-Reyes for a Report and Recommendation pursuant to 28 U.S.C. § 636. *See* ECF Nos. [57] & [64]. On October 18, 2021, Judge Otazo-Reyes entered her Report and Recommendation

---

[3] In addition to the School Board Defendants, Plaintiff also named Governor Ron DeSantis, Department of Education Commissioner Richard Corcoran, Senator Annette Taddeo, Senator Rick Scott, and United States Senator Marco Rubio, as defendants to this action.

Re: Motions to Dismiss, ECF No. [68] ("Report"), recommending that the Motions to Dismiss be granted and the Amended Complaint be dismissed with prejudice. The Court adopted the Report and dismissed the Amended Complaint with prejudice. *See* ECF No. [71].

The School Board Defendants now argue that sanctions in the form of attorneys' fees and costs incurred are warranted.

## II.   LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure allows a court to impose "appropriate sanctions" when a party presents to the court a pleading, written motion, or other paper that is not based in fact, is not legally tenable, or is submitted in bad faith for an improper purpose. Fed. R. Civ. P. 11(c); *see also Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002). Thus, under Rule 11, a court has the discretion to award sanctions where a party or attorney has signed and filed a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) is filed in bad faith for an improper purpose. *See Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (citations omitted); *see* Fed. R. Civ. P. 11(b). The Eleventh Circuit has developed a two-step inquiry for Rule 11 sanctions that examines (1) whether the claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that the claims were frivolous. *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). The first prong of this inquiry sets forth an objective standard for assessing conduct, which takes into account the "reasonableness under the circumstances" and "what was reasonable to believe at the time" the representation to the court was made. *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1331 (11th Cir. 1992); *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987).

"Sanctions are warranted when a party exhibits a 'deliberate indifference to obvious facts,' but not when the party's evidence to support a claim is 'merely weak.'" *Riccard*, 307 F.3d 1277, at (quoting *Baker*, 158 F.3d at 524. *Pro se* litigants have been found liable for sanctions under Rule 11 after filing actions based on claims which have been adversely decided in prior litigation. *See Patterson v. Aiken*, 841 F.2d 386 (11th Cir. 1988). A sanction imposed for a violation of Rule 11 must be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2).

## III.    DISCUSSION

The School Board Defendants argue that sanctions in the form of attorneys' fees and costs incurred in filing the instant Motion and their Combined Motion to Dismiss, as well as preventing Plaintiff from filing future lawsuits in this Court as a *pro se litigant*, are warranted against Plaintiff for "filing a Complaint against School Board Defendants asserting claims unsupported by existing law after being apprised by this Court and the U.S. Eleventh Circuit Court of Appeals that these claims are legally baseless." ECF No. [58] at 1. According to the School Board Defendants, the Amended Complaint rehashes the same claims raised in a prior lawsuit that Plaintiff was specifically instructed not to bring, and they "can only construe Plaintiff's refusal to withdraw her frivolous Complaint, even after being presented with these deficiencies . . . as an overreaching method of harassing School Board Defendants." *Id.* at 2.

In her Response, Plaintiff contends that the Motion "proves exactly how unethical the School Board Defendants truly are!" and that if any sanctions should be imposed, it should be against the School Board Defendants for deliberately and repeatedly committing perjury and a fraud upon this court - along with the United States Circuit [Court] of Appeals for the [Eleventh Circuit!" *Id.* at 1. Plaintiff then rehashes many of the same arguments addressed in her Response

to the School Board Defendants' Combined Motion to Dismiss, ECF No. [55]. *See generally* ECF No. [67].

### a. The Amended Complaint is Frivolous

The Amended Complaint is frivolous because it lacks an arguable basis either in law or fact. Not only does the Amended Complaint contain conclusory unsupported allegations—with liberal use of capitalization, exclamation points, and hyperbolic adjectives for emphasis—but Plaintiff's claims against the School Board Defendants are also barred by the law of the case doctrine, which provides that "an issue decided at one stage of a case is binding at later stages of the same case." *Yeh Ho v. Wells Fargo Bank, N.A.,* No. 15-81522, 2018 WL 10809563 at *2 (S.D. Fla. Nov. 7, 2018) (citing *United States v. Artis*, 158 F. App'x 233, 234 (11th Cir. 2005); *United States v. Escobar-Arrego*, 110 F.3d 1556, 1560 (11th Cir. 1997)). Specifically, various paragraphs in Plaintiff's Amended Complaint identify specific School Board Defendants and reference federal criminal statutes. However, in Plaintiff's predecessor case, the Eleventh Circuit affirmed the dismissal of similar claims after confirming that those criminal statutes "do not provide a civil cause of action or any civil remedies." *Grappell*, 847 F. App'x at 703. Thus, any claims against specific School Board Defendants in the Amended Complaint that are predicated on federal criminal statutes are barred by the law of the case doctrine. *See Yeh Ho*, 2018 WL 10809563 at *2.

Moreover, in her Amended Complaint, Plaintiff also purports to assert a sex discrimination claim on behalf of K.G. pursuant to Title IX. Yet, in Plaintiff's predecessor case, the Eleventh Circuit ruled that "she cannot represent the legal interests of her son or enforce his rights while proceeding as a *pro se* party." *Grappell*, 847 F. App'x at 703. Because she is again proceeding *pro se*, Plaintiff's purported Title IX claim on behalf of K.G. is also barred by the law of the case doctrine. *See Yeh Ho*, 2018 WL 809563 at *2. Lastly, to the extent Plaintiff is attempting to assert

a Title IX claim on her own behalf, such a claim is also barred by the law of the case doctrine, given the Eleventh Circuit's prior ruling that she could not bring such a claim "because she was not a prospective or current student or employee of any entity connected with the [School Board] [D]efendants." *Grappell*, 847 F. App'x at 703.

It is apparent to the Court that Plaintiff's Amended Complaint is patently frivolous. Had Plaintiff conducted a reasonable inquiry into her claims, she would have known they were frivolous. Additionally, based on Plaintiff's numerous filings with the Court, it is abundantly clear that Plaintiff can understand case law and legal authority, including the Judge Cooke's Dismissal Order and the Eleventh Circuit Opinion. Nonetheless, despite clear warning by the School Board Defendants that she is relitigating claims that have already been decided against her and affirmed on appeal, Plaintiff elected to proceed with the instant suit. *See* ECF No. [58-1]; *see generally*, *Grappell*, 847 F. App'x at 698.

### b. Sanctions are Warranted

Based upon this record, the Court agrees that sanctions against Plaintiff are warranted. Federal courts have "both inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Peck v. Hoff*, 660 F.2d 371 (8th Cir. 1981); *see also In re McDonald*, 489 U.S. 180, 184 n. 8 (1989). The Eleventh Circuit "has upheld pre-screening restrictions on litigious plaintiffs[,]"*Martin Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir.1993) (citing *Copeland v. Green*, 949 F.2d 390 (11th Cir. 1991)), and "stressed that, 'considerable discretion necessarily is reposed on the district court' when it drafts such orders." *Id.* (alteration adopted) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986)); *see also Procup*, 792 F.2d at 1074 ("[A vexatious litigant] can be severely restricted as to what he may file and how he must behave in his applications for judicial relief."); *Johnson v.*

*27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1317 (11th Cir. 2021) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." (citation omitted)).

The Court finds that the pre-filing screening of claims against the School Board Defendants is the appropriate sanction to deter Plaintiff from filing additional frivolous lawsuits against them. *See* Fed. R. Civ. P. 11(c)(2). Indeed, this measure ensures that Plaintiff is not completely foreclosed from access to the courts, but rather ensures that any frivolous claims are screened, while colorable claims are able to proceed in federal court. *See Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 518 (11th Cir. 1991); *see also O'Neal v. Allstate Indemn. Ins. Co.*, No. 20-14712, 2021 WL 4852222, at *4 (11th Cir. Oct. 19, 2021) (finding that a pre-filing injunction a reasonable response to plaintiff's litigious history and does not impermissibly foreclose plaintiff's access to the courts). While the School Board Defendants have also requested an award of attorneys' fees and costs incurred in filing the instant Motion and their Combined Motion to Dismiss, the Court does not agree that this sanction is appropriate under the circumstances or would remedy the relief sought. *See Riccard*, 30 F.3d at 1295 ("Although the sanctions most commonly imposed are costs and attorney's fees, the selection of the type of sanction to be imposed lies with the district court's sound exercise of discretion.").

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  The Motion, **ECF No. [58]**, is **GRANTED IN PART AND DENIED IN PART**.

2.  Plaintiff is **ENJOINED** from filing or attempting to initiate a new action in the Southern District of Florida against the School Board Defendants without first

Case No. 21-cv-22016-BLOOM/Otazo-Reyes

obtaining leave of court. This injunction shall apply equally to any person or entity acting at the behest, direction, instigation, or in concert with Plaintiff.

3. Leave of court to file an action shall be in the form of an application filed with the Clerk of Court. This application shall be captioned "Application Pursuant to Court Order Seeking Leave to File" and it shall consist of the following:

   a. A copy of the proposed complaint;

   b. A copy of this Order,

   c. A copy of Judge Cooke's Dismissal Order;

   d. A copy of the Eleventh Circuit's Opinion;

   e. An explanation of the merits of the case, including an explicit discussion of why the proposed filing does not violate the Court's Order enjoining further frivolous, baseless, or repetitive lawsuits against the School Board Defendants.

   f. Failure to comply with the terms of this Order will be sufficient grounds to deny an application by Plaintiff for leave to file.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

5. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 5, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 21-cv-22016-BLOOM/Otazo-Reyes

Copies to:

Counsel of Record


Jennifer Grappell
10390 S.W. 130th Street
Miami, FL 33176
Email: SHADY741@ME.COM